United States District Court
Southern District of Texas
**ENTERED**
September 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | |
| § | |
| JUANITA EVA VELASQUEZ § | CRIMINAL NO. 4:13-CR-00747-001 |

### MEMORANDUM AND ORDER

This case is before the Court on Juanita Eva Velasquez's motion for compassionate release (Doc. # 164), and the government's response to the motion (Doc. # 168). Having carefully considered Velasquez's motion, the government's response, all the arguments and authorities submitted by the parties, and the relevant record, the Court is of the opinion that Velasquez's motion should be denied.

**I.   Background**

Juanita Eva Velasquez pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine. On June 30, 2015, this Court sentenced her to a 262-month term of imprisonment.

**II.   Compassionate Release**

Title 18, section 3582(c)(1)(A) of the United States Code as amended by the First Step Act allows a sentencing court to modify a sentence on a motion by the defendant if the defendant demonstrates extraordinary and compelling reasons warranting early release. The United States Sentencing Commission issued a policy statement, found at U.S.S.G. § 1B1.13, defining "extraordinary and compelling reasons" as certain medical conditions, including terminal illness, the age of the movant if she is at least 65 years old and certain other conditions are present, and

certain enumerated family circumstances. Under the First Step Act, courts considering motions for compassionate release brought by a defendant are not bound, but may be informed, by the policy statement. *See United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021).

Velasquez argues that she qualifies for compassionate release due to the Covid-19 epidemic, and that her age and underlying medical conditions make her more vulnerable to severe illness or death from Covid. While it is unquestionably true that there has been a higher rate of Covid-19 infection in prisons than in the general population, there is no basis for finding that generalized fear of an infectious disease falls within the meaning of "extraordinary and compelling reasons."

The government presents evidence showing that Velasquez has received a Covid vaccine and a two-dose booster. The court takes judicial notice that statistics published by the CDC show that vaccinated individuals have a substantially lower risk of serious illness or death from Covid than do unvaccinated individuals. *See*, *e.g.*,

https://www.cdc.gov/mmwr/volumes/71/wr/mm7104e2.htm#T2_down. In addition, the government notes that Velasquez is incarcerated in a medical facility where her underlying conditions are treated and managed.

Under similar facts, other courts have found that the Covid-19 pandemic, even when coupled with underlying health conditions, does not constitute extraordinary and compelling reason for compassionate release when those conditions are managed and the inmate has been vaccinated.

> This Court agrees with the vast majority of other courts who have ruled, on the basis of present understanding, that the highly effective available vaccines dramatically affect whether an inmate's medical conditions constitute the "extraordinary and compelling reason" required to further consider compassionate release. *See, e.g.*, *United*

>   *States v. Gomez-Vega,* Cr. No. 19-1382-001 KG, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021) ("[A]bsent any evidence or argument combatting the efficacy of the vaccine's protection to mitigate his medical concerns, the Court is strained to accept that Mr. Gomez-Vega's conditions constitute extraordinary and compelling reasons for compassionate release."); *United States v. Leach*, Cr. No. 3:14-cr-229-MOC-DCK-10, 2021 WL 1318318, at *3 (W.D.N.C. Apr. 8, 2021) ("Defendant therefore can demonstrate an extraordinary and compelling reason as required by § 3582(c)(1)(A)(i), but the facts that support it are likely to soon change once she is vaccinated."); *United States v. Mendoza*, Cr. No. 06-167, 2021 WL 1312920, at *8 (W. D. Pa. April 8, 2021) ("While there are certainly still unknowns about the vaccine administered to Mendoza, it appears that Mendoza's risks of (1) being reinfected by COVID-19, and (2) suffering severe illness if he is reinfected, are speculative because of his vaccination and his initial bout with COVID-19 in May 2020."); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) (concluding that recent vaccination mitigated the inmate's risk such that COVID-19, despite the inmate's underlying conditions, no longer presented an extraordinary and compelling reason to grant compassionate release). Clearly, there can be no bright-line rule that a vaccinated individual is no longer at compellingly elevated risk, but in most instances, the risk of complications is dramatically reduced. Thus, while anything is possible, there is no articulable reason to believe that [Velasquez] will be a non-responder or will have a different reaction to the vaccine than the vast majority of its recipients, who develop significant antibody protection to the virus. On the present record, then, this Court concludes that [Velasquez]'s vaccination status removes h[er] [underlying conditions] from the category of risk constituting an "extraordinary and compelling reason" to consider compassionate release.

*United States v. Harris*, No. CR SAG-05-61, 2021 WL 1516012, at *2 (D. Md. Apr. 16, 2021), *vacated on other grds.*, 2022 WL 636627 (4th Cir. Mar. 4, 2022).

Under the current circumstances, the Court finds that Covid-19 does not constitute extraordinary and compelling reasons to justify compassionate release:  Velasquez's risk is

substantially reduced by the fact that she is vaccinated and boosted, and she is in a medical facility where her underlying conditions can be treated.

### III.   Conclusion And Order

For the foregoing reasons, it is ORDERED that Velasquez's motion for compassionate release (Doc. # 164) is DENIED.

SIGNED on September 26, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge